# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY JOE SHELBY, | CASE NO. 1:11-cv-00177-SMS |
| Plaintiff, | |
| v. | SCREENING ORDER PERMITTING PLAINTIFF TO PROCEED OR TO AMEND HIS COMPLAINT |
| MICHAEL ASTRUE, Commissioner of Social Security, | |
| Defendants. | (Doc. 1) |

Proceeding pro se, Plaintiff Billy Joe Shelby appeals the Commissioner's determination that he is ineligible for social security disability benefits. This Court has screened Plaintiff's complaint and hereby provides Plaintiff with the option of proceeding with his original complaint or amending his complaint as discussed herein.

I. **Screening**

A court has inherent power to control its docket and the disposition of its cases to promote economy of time and effort for both the court and the parties. *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992). Accordingly, this Court screens all complaints filed by plaintiffs *in propria persona* to ensure that the action is not frivolous or malicious, that the action states a claim upon which relief may be granted, and that the complaint does not seek monetary relief from a defendant who is immune from such relief.

///

## II. Scope of Review

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, a court must determine whether substantial evidence supports the Commissioner's decision. 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla" (*Richardson v. Perales*, 402 U.S. 389, 402 (1971)), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's decision. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commissioner must apply the proper legal standards. *See, e.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the ALJ's determination that the claimant is not disabled if the ALJ applied the proper legal standards and the ALJ's findings are supported by substantial evidence. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007); *Sanchez v. Secretary of Health and Human Services*, 812 F.2d 509, 510 (9th Cir. 1987).

In reviewing the Commissioner's decision, the Court may not substitute its judgment for that of the Commissioner. *Macri v. Chater*, 93 F.3d 540, 543 (9th Cir. 1996). The Court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (*internal citation and quotation marks omitted*).

## III. Legal Standards for Disability Benefits

To qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity because of a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c (a)(3)(A). A claimant must demonstrate a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but

cannot, considering age, education, and work experience, engage in any other substantial gainful work existing in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989).

To encourage uniformity in decision making, the Commissioner has promulgated regulations prescribing a five-step sequential process for evaluating an alleged disability. 20 C.F.R. §§ 404.1520 (a)-(f); 416.920 (a)-(f). The process requires consideration of the following questions:

| | |
|---|---|
| Step one: | Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two. |
| Step two: | Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate. |
| Step three: | Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four. |
| Step four: | Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five. |
| Step five: | Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled. |

*Lester v. Chater*, 81 F.3d 821, 828 n. 5 (9th Cir. 1995).

Generally, the written decision prepared by the Administrative Law Judge ("ALJ") will set forth his or her analysis of a claimant's disability application using these five steps.

## IV. Discussion of Plaintiff's Complaint

Plaintiff has prepared a very brief complaint that simply states that he believes that the Commissioner discriminated against him in denying benefits. Plaintiff alleges that he is currently under treatment for his disabling condition.

This Court interprets Plaintiff's complaint to set forth a general claim that the Commissioner's decision was not supported by substantial evidence. This Court's review of the Commissioner's decision is circumscribed by the scope of review and limited to the contents of the agency record of Plaintiff's application. In addition, Plaintiff will have the opportunity to argue his claim in more detail in his opening brief, which he shall be directed to submit at a later

stage of his pending appeal. Accordingly, this Court considers Plaintiff's complaint to be sufficient to permit this Court to review the Commissioner's determination with regard to the claims apparent from the complaint.

Nonetheless, if the Court has failed to recognize any claim that Plaintiff intended to make through his initial filed complaint, Plaintiff may amend the complaint to clearly set forth all of his claims and the factual basis for each claim. For example, Plaintiff may have intended to allege that the ALJ erred in disregarding the opinion(s) of Plaintiff's doctor(s) or in concluding that Plaintiff's testimony was not credible, among other possible contentions. In determining whether he wants to amend his complaint to clarify his intent to include additional claims, Plaintiff may wish to be guided by this Court's scope of review, set forth above, and by the five-step analysis set forth above and applied by the ALJ in his or her decision. If Plaintiff elects to amend his complaint, as this order permits him to do, he should prepare it in the standard form of numbered statements, each of which sets forth a single factual allegation.

**V.    Conclusion and Order**

Although Plaintiff's complaint is very brief, this Court considers it to allege a claim that substantial evidence does not support the Commissioner's denial of benefits. In the event that the Court has failed to identify any additional claims that Plaintiff intended to make, this Court will provide Plaintiff with the opportunity to file an amended complaint more clearly setting forth his intended claims. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claim identified by the Court, Plaintiff may so notify the Court in writing, and the Clerk will provide him with further instructions on how to proceed to serve the Commissioner.

If Plaintiff elects to file an amended complaint, Plaintiff is advised that an amended complaint supercedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *aff'd*, 525 U.S. 299 (1999); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567; *accord Forsyth*, 114

F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that, on or before March 10, 2011, Plaintiff must either (1) file an amended complaint, or (2) notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only on the claims identified by the Court. If Plaintiff fails to respond by March 10, 2011, this action will proceed on Plaintiff's original complaint.

IT IS SO ORDERED.

**Dated:   February 3, 2011**                  /s/ Sandra M. Snyder
                                      UNITED STATES MAGISTRATE JUDGE