# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY JOE SHELBY, | CASE NO. 1:11-cv-00177-SMS |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM |
| MICHAEL ASTRUE, Commissioner of Social Security, | |
| Defendant. | (Doc. 7) |

On March 10, 2011, Plaintiff Billy Joe Shelby, proceeding *pro se* and *in forma pauperis*, filed an amended complaint appealing the Commissioner's determination that he is ineligible for social security disability benefits. This Court has screened Plaintiff's complaint and now dismisses the complaint for failure to state a claim.

**I.     Screening**

A court has inherent power to control its docket and the disposition of its cases to promote economy of time and effort for both the court and the parties. *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992). Accordingly, this Court screens all complaints filed by plaintiffs *in propria persona* to ensure that the action is not frivolous or malicious, that the action states a claim upon which relief may be granted, and that the complaint does not seek monetary relief from a defendant who is immune from such relief.

### III. Legal Standards for Disability Benefits

To qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity because of a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c (a)(3)(A). A claimant must demonstrate a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering age, education, and work experience, engage in any other substantial gainful work existing in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989).

To encourage uniformity in decision making, the Commissioner has promulgated regulations prescribing a five-step sequential process for evaluating an alleged disability. 20 C.F.R. §§ 404.1520 (a)-(f); 416.920 (a)-(f). The process requires consideration of the following questions:

| | |
|---|---|
| Step one: | Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two. |
| Step two: | Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate. |
| Step three: | Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four. |
| Step four: | Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five. |
| Step five: | Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled. |

*Lester v. Chater*, 81 F.3d 821, 828 n. 5 (9th Cir. 1995).

### II. Scope of Review

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, a court must determine whether substantial evidence supports the Commissioner's decision. 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla" (*Richardson v. Perales*, 402 U.S. 389, 402 (1971)), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion." *Richardson*, 402 U.S. at 401. In weighing the evidence and making findings, the Commissioner must apply the proper legal standards. *See, e.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the ALJ's determination that the claimant is not disabled if the ALJ applied the proper legal standards and the ALJ's findings are supported by substantial evidence. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007); *Sanchez v. Secretary of Health and Human Services*, 812 F.2d 509, 510 (9th Cir. 1987). In reviewing the Commissioner's decision, the Court may not substitute its judgment for that of the Commissioner. *Macri v. Chater*, 93 F.3d 540, 543 (9th Cir. 1996).

In this case, Plaintiff alleges that the Commissioner erred in relying on the opinion of Plaintiff's treating physician that Plaintiff's injuries were healed. He alleges that the agency should have secured the opinion of a consultative physician to contest the opinion of Plaintiff's physician. Plaintiff's claim fails as a matter of law.

To become entitled to benefits under either Title II or Title XVI of the Social Security Act based on disability, a claimant must prove that he or she is disabled and entitled to benefits. 42 U.S.C. §§ 401 *et seq.* and 1381 *et seq.*; 20 C.F.R. §§ 404.1501, 404.1512(a). This means that the claimant must provide evidence showing the (1) existence of an impairment; (2) the severity of the impairment; and (3) the impairment's effect of Plaintiff's functioning. 20 C.F.R. §§ 404.1512(c), 416.912(c). A claimant will not be considered to have a disability unless he provides the medical and other evidence that the Commissioner requires. 20 C.F.R §§ 404.1515, 416.915. The claimant bears the burden of showing by a preponderance of the evidence that he or she cannot perform his or her past work. *Vertigan v. Halter*, 260 F.3d 1044, 1051 (9th Cir. 2001).

Three types of physicians may offer opinions in social security cases: "(1) those who treat[ed] the claimant (treating physicians); (2) those who examine[d] but d[id] not treat the claimant (examining physicians); and (3) those who neither examine[d] nor treat[ed] the claimant (nonexamining physicians)." *Lester*, 81 F.3d at 830. A treating physician's opinion is generally entitled to more weight that the opinion of a doctor who examined but did not treat the claimant, and an examining physician's opinion is generally entitled to more weight than that of a non-examining physician. *Id.* The Social Security Administration favors the opinion of a treating physician over

that of nontreating physicians. 20 C.F.R. § 404.1527; *Orn*, 495 F.3d at 631.  A treating physician is employed to cure and has a greater opportunity to know and observe the patient.  *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987).  That Plaintiff's own physician opined that Plaintiff's impairment was resolved was powerful evidence against Plaintiff's disability claim.

When the evidence in a case is inadequate or ambiguous, the ALJ has a duty to develop the record sufficiently to allow proper assessment of the claimant's residual functional capacity.  *Mayes v. Massanari*, 276 F.3d 453, 459-460 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).  The Commissioner was not required to muster evidence to prove Plaintiff's case when Plaintiff's own physician opined that Plaintiff's injury had healed.

In determining whether a claimant is disabled, the Commissioner relies on objective medical evidence or other evidence.  20 C.F.R. §§ 404.1529(a), 416.929(b).  Because Plaintiff's treating physician reported the Plaintiff had recovered, the objective medical evidence presented in Plaintiff's case did not establish a disability.  In rejecting Plaintiff's disability claim, the Commissioner relied on substantial credible evidence: the opinion of Plaintiff's treating physician.

### III.    Conclusion and Order

By alleging that the Commissioner should have rejected the opinion of Plaintiff's treating physician and accepted Plaintiff's unsupported contention that Plaintiff was disabled, Plaintiff does not allege a cognizable claim.  Even though Plaintiff disagrees with his former physician's opinion, that opinion constituted substantial credible evidence on which the Commissioner could reasonably base the decision rejecting Plaintiff's disability claim.

Accordingly, this Court ORDERS that this case be dismissed, with prejudice.

IT IS SO ORDERED.

**Dated:   March 14, 2011**             /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE